*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1473**

In re the Marriage of:
David Lee Christensen, petitioner,
Appellant,

vs.

Kathryn Florence Kladek,
Respondent.

**Filed May 23, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-FA-12-3364

Rasheen R. Tillman, Tillman Law Firm, Minneapolis, Minnesota (for appellant)

Melanie P. Persellin, Jensen Sondrall Persellin & Woods, P.A., Brooklyn Park, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant husband challenges a district court order that requires him to repay a home equity line of credit (HELOC) that was ambiguously addressed in the parties' marital-dissolution judgment and decree. Appellant argues that the district court made

factual findings that were contrary to the extrinsic evidence that the court considered in resolving the ambiguity. Because husband failed to show that the district court's findings are clearly erroneous and because any ambiguity in the dissolution decree should be resolved against husband as drafter of the judgment and decree, we affirm.

## FACTS

The marriage of appellant-husband David Lee Christensen and respondent-wife Kathryn Florence Kladek was dissolved by a stipulated judgment and decree that was entered on December 4, 2012. The stipulation was drafted by husband's counsel; wife was not represented by counsel. Wife had a nonmarital interest in a house in Excelsior that was encumbered by a HELOC "in the approximate amount of $31,214.73." The judgment and decree awarded the house to wife "subject to all encumbrances, including home equity lines that are of record." The judgment and decree also listed the HELOC as a $32,000 bank account of husband's and awarded him "all right, title, interest and equity, free and clear of any claim on the part of [wife]" in that account. Another provision of the judgment and decree made each party responsible for "debts in their name." The HELOC is in husband's name only.

Following the parties' postdecree motions directed at determining which of them was responsible to repay the HELOC, the district court ruled that husband was responsible to repay the HELOC. Husband appealed, and this court reversed in an unpublished opinion. *Christensen v. Kladek*, No. A14-1045, 2015 WL 1514039 (Minn. App. Apr. 6, 2015). This court ruled that the district court's finding that husband was responsible to pay the HELOC was clearly erroneous because the judgment and decree is ambiguous and, in

2

resolving the ambiguity, the district court considered only the extrinsic evidence offered by wife. *Id.*, at *2-3. This court remanded "for the district court to determine the parties' intent after considering all of the relevant extrinsic evidence." *Id.* at *3. This court specifically referred to six e-mails that mentioned the HELOC account that were sent by wife or a mortgage consultant. *Id.*

On remand, the district court received affidavits from the parties and counsel, and considered additional extrinsic evidence that pertained to the HELOC account, including the e-mails. The district court made the following findings of fact:

> 58. To determine intent, the [c]ourt must weigh [wife's] words versus [husband's] actions. It is clear that on multiple occasions before the signing of the Stipulation and on at least one occasion after the Stipulation was signed [wife] indicated, in writing, her intent to take on responsibility for [the HELOC].

> 59. However, [husband] was the sole signatory on the lending agreement that created [the HELOC]. His actions after the parties[] signed the Stipulation are not those of someone who intends to abdicate responsibility for the debt. He continued to make payments. He continued to withdraw money from the account, incurring additional debt. He did not allow [wife] to make payments and was the controlling account holder. The bank refused to speak with [wife] unless [husband] gave them permission.

> 60. As the conduct of the parties after the contract is entered into is the most probative evidence, the [c]ourt must give greater weight to [husband's] actions than [wife's] emails, most of which were sent before the contract was entered into. Therefore, the [c]ourt finds that [husband] is solely responsible for [the HELOC]. [Husband] will hold [wife] harmless from any obligation to make payment of the same.

> 61. Even if the [c]ourt was unable to reach a determination about the parties' intent, in those cases where the contract is ambiguous and the intent of the parties unknown,

3

> Minnesota case law requires the [c]ourt to construe the contract against the drafter. In this case, [husband] drafted the Stipulated Judgment and Decree. Under this alternative analysis, the [c]ourt would reach the same conclusion.

The district court ordered that husband is solely responsible to repay the HELOC and required him to hold wife harmless and indemnify her for that obligation. Husband appeals.

## DECISION

A stipulation is a binding contract. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). This court ruled that the language in the stipulated judgment and decree regarding who is to repay the HELOC is ambiguous. *Christensen*, 2015 WL 1514039 at *2. A district court's resolution of the meaning of a contract ambiguity "is in the nature of a finding of fact," which "shall not be set aside unless clearly erroneous." *Trondson v. Janikula*, 458 N.W.2d 679, 682 (Minn. 1990) (quoting Minn. R. Civ. P. 52.01). "When deciding whether a finding of fact is clearly erroneous, [an appellate] court takes the view of the evidence which is most favorable to the [district] court's findings." *Id.*; *c.f. Maurer v. Maurer*, 623 N.W.2d 604, 606 (Minn. 2001) (acknowledging that, in dissolution matters, valuation findings are necessarily based on approximations, and "broad deference is appropriate" so that such findings should not be reversed "unless clearly erroneous on the record as a whole"). To conclude that findings of fact are clearly erroneous, an appellate court must be "left with the definite and firm conviction that a mistake has been made." *In re Stisser Grantor Trust*, 818 N.W.2d 495, 507 (Minn. 2012) (quotation omitted). "That the record might support findings other than those made by the [district] court does not

4

show that the court's findings are defective." *Vangsness v. Vangsness*, 607 N.W.2d 468, 474 (Minn. App. 2000).

Husband argues that "the e-mails from [wife] clearly demonstrate the parties' intent that she will assume and pay the HELOC." During dissolution negotiations in August and September 2012, wife sent husband four e-mails that address the HELOC repayment and include language offering to repay the HELOC. An August 2012 e-mail from a mortgage consultant to wife addresses "[p]aying off the home equity credit line."

Nearly four months after entry of the judgment and decree, wife sent husband's attorney the following email:

> I have started the process to take on the [HELOC]. [Husband] needs to stop asap the auto pay on that loan so I can make the payments directly to [Royal Credit Union] until I can do a new [HELOC] loan in my name only. He has to first sign the quit claim deed for my house so his name is off my property. Once [C]arver [C]ounty has filed the quit claim deed, and [husband] stops the auto pay so I can make the payments from here on out, then I will go and re-write the [HELOC] in my name and [husband] will be off everything of mine and it doesn't go against his credit. I do not have to refi my house to take on this loan. I can keep my small 1st on my house and have this 2nd on my house. I hope this makes sense to you. There is $29,600 left on [the HELOC]. [Husband] did not pay this off as I was over to [Royal Credit Union] talking with an officer there and he showed me the loan and let me know how I can take over this amt. I AM doing what I said I would do in the decree. I am not trying to skip out of this so we do not need to go back to the courts.

The district court found that these e-mails "clearly signal[] [wife's] intent to take responsibility for paying the HELOC as part of the parties' agreement."

But the district court also found that husband's conduct demonstrated his intent to remain responsible for repayment of the HELOC. The court found that: (1) husband "continued to make the payments [on the HELOC] during the parties' separation and for five months after the parties were divorced"; (2) thirteen days after wife's final e-mail that clearly indicated her intent to be responsible for the HELOC, husband "withdrew additional monies from the account"; (3) husband "refused to allow [wife] to make payments on the [HELOC] after the divorce"; and (4) husband "maintained control of the account, as evidenced by the September 2013 email from the bank to [husband] requesting his permission to speak with [wife] about the account." The district court also noted that most of wife's e-mails were sent before the parties entered into their contract.

Husband argues that he continued to pay "the [HELOC] debt to protect his credit, until such time as [wife] fully assumed the debt." He also argues that he initially prohibited wife from making payments on the HELOC because he wanted her "to refinance and assume the HELOC, so that his name would be removed from the loan." In an affidavit that he submitted to the district court, husband stated, "I did tell [wife] that she couldn't just make payments on the HELOC, because she needed to refinance. After I spoke with my Attorney she informed me that I needed to give [wife] access to the account so she could make payments." Although these arguments explain how husband's conduct could be consistent with an agreement to make wife responsible for paying the HELOC debt, husband's conduct (making payments for five months after the judgment and decree was entered and prohibiting wife from making payments) was also consistent with an agreement to make husband responsible for paying the HELOC debt.

6

The district court described this as a "close case," but it ultimately determined that the judgment and decree made husband "solely responsible" for the HELOC because the court "g[a]ve greater weight to [husband's] actions than [wife's] emails, most of which were sent before the contract was entered into."[1] Although the record could support a different resolution of the question, taking the view of the evidence that is most favorable to the district court's finding that husband is solely responsible for the HELOC, as we must, we are not "left with the definite and firm conviction that a mistake has been made." *Stisser Grantor Trust*, 818 N.W.2d at 507. Therefore, we conclude that the district court's findings supporting its decision to require husband to repay the HELOC are not clearly erroneous.

Also, the general rule that an ambiguous contract must be interpreted against the drafter, in this case husband, also supports the district court's decision. *See Hilligoss v. Cargill, Inc.*, 649 N.W.2d 142, 148 (Minn. 2002) ("[A]mbiguous contract terms must be construed against the drafter . . . ."); *accord Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979).

**Affirmed.**

---

[1] The e-mails that were sent before the contract was entered into concern dissolution negotiations and are not unequivocal evidence of wife's agreement to repay the HELOC. Wife's postdissolution e-mail to husband's attorney regarding the HELOC could be describing the process wife was taking to become the sole title holder of her house, with the house remaining subject to the encumbrance of the HELOC and husband remaining responsible for the HELOC debt.